**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2209**

DOUGLAS ORDONEZ MARROQUIN, a/k/a Douglas Ordonez, a/k/a Douglas
Noe Ordonez Marroqui, a/k/a Douglas Noe Marroquin,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 7, 2019                     Decided: December 9, 2019

Before AGEE, FLOYD, and THACKER, Circuit Judges.

Petition for review granted; vacated and remanded by unpublished per curiam opinion.

Rebecca Paige Gitlen, GUIRGUIS LAW, PA, Raleigh, North Carolina, for Petitioner.
Joseph H. Hunt, Assistant Attorney General, Shelley R. Goad, Assistant Director, Carmel
A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D. C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Ordonez Marroquin, a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals (Board) dismissing Marroquin's appeal of the Immigration Judge's order (1) denying Marroquin's requests for termination of removal proceedings, administrative closure, or a continuance in his proceedings; and (2) ordering Marroquin removed to Honduras. Central to this case is the denial of Marroquin's request to administratively close his removal proceedings. The Board, in affirming the denial of administrative closure, relied on the Attorney General's opinion in *In re Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), to conclude that the Immigration Judge did not have the regulatory authority to administratively close Marroquin's removal proceedings and, thus, that Marroquin was foreclosed from seeking that relief.

We recently ruled, though, that the Board and Immigration Judges have the regulatory authority to administratively close cases. *See Romero v. Barr*, 937 F.3d 282, 294 (4th Cir. 2019) (identifying the various regulations at issue and concluding that they "unambiguously confer upon [Immigration Judges] and the [Board] the general authority to administratively close cases").[1] We further opined that, even if the relevant regulations were assumed to be ambiguous, the Attorney General's decision in *Castro-Tum* is not entitled to *Auer*[2] "deference because it amounts to an 'unfair surprise' disrupting the

---

[1] We initially held this case in formal abeyance for *Romero*.

[2] *Auer v. Robbins*, 519 U.S. 452, 461 (1997).

2

regulated parties' expectations." *Id.* at 295 (quoting *Kisor v. Wilkie*, __ U.S. __, 139 S. Ct 2440, 2417-18 (2019)).

*Romero* thus invalidates the Board's rationale for rejecting Marroquin's arguments related to the Immigration Judge's denial of his request for administrative closure. Accordingly, we grant Marroquin's petition for review, vacate the Board's order, and remand this case to the Board for further proceedings consistent with *Romero*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION FOR REVIEW GRANTED*;
*VACATED AND REMANDED*